UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

WILLIE EARL BROWN,

    Plaintiff,

V.

DR. RIOS, et al.,

    Defendants.

Civil Action No. 5: 18-201-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Willie Earl Brown is a former federal inmate previously confined at the Federal Medical Center in Lexington, Kentucky. Brown filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) complaining that federal officials provided inadequate medical care. [R. 1]

In July 2018, defendants Dr. Francisco Rios and P.A. Robert Williams filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [R. 18] Because Brown is proceeding without counsel, the Court acted *sua sponte* to extend his response period from three weeks to six weeks. [R. 19] Shortly thereafter, Brown filed a motion requesting a further 60-day extension of time to respond, noting that he was soon to be released from federal custody and intended to find an attorney to represent him. [R. 20] The Court granted that request and more, giving Brown an extra 90 days to file his response. [R. 21] Brown was released from federal custody on August 21, 2018. See https://www.bop.gov/inmateloc/ (last visited on December 12, 2018). Brown has not updated his mailing address with the Court as required, see [R. 5], and his extended deadline to file a response, November 30, 2018, has come and gone without any response from Brown.

1

In its first Order extending Brown's deadline to respond, the Court cautioned him that failure to file a timely response is grounds for dismissal for failure to prosecute. [R. 19, Page ID #641 (citing Fed. R. Civ. P. 41(b); *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005)] In its second Order the Court further advised Brown that if he didn't file a response, it would be appropriate for the Court to accept the defendants' factual assertions as true when deciding their summary judgment motion. [R. 21, Page ID #646 (citing *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992)] Brown was therefore placed on notice that his failure to respond carried consequences adverse to the prosecution of his claims.

Although Brown has not filed a response, or any other document or motion in the last four months, the Court will not find at this juncture that his conduct is necessarily sufficient to infer an intent to abandon his claims, warranting dismissal under Rule 41(b). Of course, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008). When the nonmoving party fails to file a timely response, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino*, 980 F.2d at 410. In other words, the Court cannot "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead the Court is required "to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Id*. In performing its task the Court may, however, "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'"

*Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id*.

In his complaint, Brown alleges that Dr. Rios and PA Williams prescribed medications for him that did not work. Brown does not clearly specify the nature of his ailments, but does state that on one occasion he passed out and had to be taken to the hospital where it was determined that he was bleeding internally. [R. 1, Page ID #2-3] Brown attached to his complaint several inmate grievances he filed regarding his medical care, although they appear to have been resolved informally at the institution without any appeal being taken. [R. 1-1]

Defendants first contend that Brown failed to exhaust his administrative remedies with respect to his claims. Federal law requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), a prisoner must file an initial grievance and any appeals within the time frames required by the prison's grievance procedure.

Brown filed four inmate grievances at FMC-Lexington regarding his medical care, but they were resolved at the institutional level. Brown did file one appeal to the BOP's Regional Office, but it was rejected on procedural grounds and Brown did not pursue it further. [R. 18-1, Page ID #70-72, 81-86; R. 18-2 (Decl. of Carlos J. Martinez), Page ID #97-100] The defendants' evidence establishes that Brown failed to fully exhaust his administrative remedies with respect to any of his claims. Summary judgment is therefore also appropriate because no reasonable jury

could find that Brown exhausted his administrative remedies under the facts presented. *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).

The defendants also contend that Brown has failed to state a viable claim that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because he merely disagrees with the appropriateness of the extensive medical treatment they provided to him. [R. 18-1, Page ID #72-81, 87-92] The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To show that a prison physician was *deliberately* indifferent to an inmate's medical condition, the prisoner must establish a knowing and intentional state of mind characterized by the blanket refusal or denial of medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An allegation of negligence is not enough: a prisoner who merely disagrees with the appropriateness or sufficiency of medical care provided by a physician fails, without more, to establish deliberate indifference. *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Here, the defendants have established through medical testimony that Brown received repeated and extensive medical care throughout 2017. [R. 18-10 (Decl. of Vibeke Dankwa, M.D.), Page ID #123-137] Nearly 500 pages of medical records submitted by the defendants catalogue the extensive medical care Brown received throughout that year alone [R. 18-12, Page

ID #144-639]. While Brown may not have agreed with the adequacy of the medical treatment provided, prison doctors and outside specialists clearly provided him with extensive medical attention and treatment. Brown he has offered no evidence which suggests, let alone establishes, that the care provided was so plainly ineffective that it was suggestive of deliberate indifference to his medical needs. His allegations sound, at most, under state tort law. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."). *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). The defendants are therefore also entitled to summary judgment on the merits of Brown's Eighth Amendment claims. *Lyons v. Brandly*, 430 F. App'x 377, 380-81 (6th Cir. 2011).

Accordingly, it is **ORDERED** as follows:

1. The motion of defendants Dr. Francisco Rios and P.A. Robert Williams to dismiss the complaint, or in the alternative for summary judgment. [R. 18] is **GRANTED**.

2. Plaintiff Willie Earl Brown's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

Entered: December 12, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY